LULICH v. INDUSTRIAL COMMISSION et al.

No. 5408.   Decided July 23, 1935.   (47 P. [2d] 893.)

For former opinion, see 86 U. 590, 38 P. (2d) 291.

*H. G. Metos* and *Allen T. Sanford*, both of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *A. R. Barnes,* of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Heretofore an opinion by a divided court was rendered in this cause and the order of the Industrial Commission of Utah denying Kate Lulich, the applicant, compensation was set aside and the cause remanded. *Lulich v. Industrial Commission et al.,* 86 U. 590, 38 P. (2d) 291. Thereafter defendants applied for and were granted a rehearing. The cause was again orally argued and has been re-examined. The substance of the evidence received at the numerous hearings had before the Industrial Commission was stated at considerable length in the former opinion. It is not necessary to recite again the substance of the whole of such evidence. It is sufficient to direct attention to such portion of the evidence as we deem of controlling importance. The only substantial conflict in the evidence is that touching the question as to whether or not the person killed on September 22, 1928, while at work in the Standard Coal Company mine, was the husband of the applicant. Upon that issue, as will be seen from a reading of the former opinion, evidence was offered tending to show that the person so killed was the husband of the applicant. On the other hand, there is substantial evidence in this record which tends to show that the deceased was not applicant's husband. It conclusively appears that the husband of the applicant was born not later than the year 1869. In the deposition of the applicant and the birth certificate inclosed therewith it appears that her husband was born on August 25, 1867. It is not entirely clear, however, whether the last figure indicating the year of birth is a 7 or a 9. Thus applicant's husband, if alive on September 22, 1928, would have been past either fifty-nine or sixty-one years of age, depending on which is the correct date of his birth. In the application for employment filed with the Standard Coal Company under date of September 19, 1928, by the person who was killed

three days later, the age of the applicant was given as forty-five. A number of persons who knew the deceased before his death testified that in their opinion he was between forty-five and fity years of age. Such is the testimony of the doctor who examined him at the time he applied for employment.

There is also evidence that the person killed while in the mine of the Standard Coal Company was not the Joe Lulich who formerly worked at Bingham Canyon. In her deposition the applicant testified that her husband came to America in 1911 and that he never returned. Two witnesses who were called by the applicant testified that they were acquainted with the deceased in the old country; that they saw him on numerous occasions when he was at Bingham; that after coming to this country, prior to his death, the deceased went back to the old country and visited with his family. One of such witnesses stated that this occurred three or four times; the other that it occurred one or more times. Obviously, if the husband of the applicant never returned to the old country and the deceased did return to the old country and there visited his family, the applicant's husband was not the person killed in the mine on the occasion in question.

There are other conflicts in the testimony such as to the year in which the deceased first came to America. The testimony thus indicated as to the age of the man killed and as to his having returned to the old country to visit his family, clearly tends to show that the deceased was not the husband of the applicant. If the commission believed such testimony, as they had the right to do, then the order denying compensation was properly made.

We are all agreed that there is sufficient evidence to support an award, but with our limited powers of review we are of the opinion that the evidence is not such as to demand, as a matter of law, the granting of an award. The findings of fact made by the commission on conflicting evidence are binding on this court.

The opinion heretofore rendered in this cause is recalled and the order of the Industrial Commission of Utah denying applicant compensation is affirmed.

FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.

MOFFAT, Justice.

I dissent. I think the original opinion should be the opinion of the court.